NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOUGLAS MUNDLE, individually and on behalf all persons similarly situated; PAMELA KNIGHT,

              Plaintiffs - Appellees,

  v.

DOXO, INC., a corporation; STEVEN SHIVERS, individually and as an officer of Doxo Inc; ROGER PARKS, individually and as an officer of Doxo Inc,

              Defendants - Appellants.

No. 25-5314

D.C. No. 2:24-cv-00893-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted July 6, 2026[**]
Portland, Oregon

Before: GRABER, BERZON, and SUNG, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Defendants Doxo, Inc., Steven Shivers, and Roger Parks timely appeal the district court's order denying their motion to compel arbitration of the claims that Plaintiffs Douglas Mundle and Pamela Knight assert in their putative class action complaint. We have jurisdiction under 9 U.S.C. § 16(a)(1) and 28 U.S.C. § 1291. See Hill v. Xerox Bus. Servs., LLC, 59 F.4th 457, 468 (9th Cir. 2023). Reviewing de novo, id., we affirm.

The district court correctly concluded that Defendants waived the right to compel arbitration of Plaintiffs' claims.[1] Because Defendants concede knowledge of an existing right to arbitrate, we consider only whether Plaintiffs have established that Defendants took "intentional act[tion] inconsistent with that existing right." Armstrong v. Michaels Stores, Inc., 59 F.4th 1011, 1015 (9th Cir. 2023). In analyzing that issue, we consider the totality of Defendants' actions and ask whether they "indicate a conscious decision . . . to seek judicial judgment on the merits of the arbitrable claims, which would be inconsistent with a right to arbitrate." Id. (quoting Hill, 59 F.4th at 473 n.19).

Taken together, Defendants' actions are inconsistent with the right to compel arbitration. Defendants repeatedly sought a judicial decision on the merits of each

---

[1] Because we hold that Defendants waived the right to compel arbitration, we decline to address whether Plaintiff Mundle in fact agreed to the arbitration provision at issue. We instead assume, without deciding, that each Plaintiff consented to arbitrate claims against Defendants.

of Plaintiffs' claims by moving to dismiss, with prejudice, the entire complaint under Federal Rule of Civil Procedure 12(b)(6).  See Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC, 931 F.3d 935, 941 (9th Cir. 2019) ("Seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum."), abrogated in part on other grounds by Morgan v. Sundance, Inc., 596 U.S. 411, 416 (2022).  Further, over the course of several months and while Defendants' motions to dismiss were pending, Defendants met and conferred with Plaintiffs; exchanged initial disclosures; stipulated to four extensions of deadlines; filed a stipulated protective order and an agreement regarding the discovery of electronically stored information; and submitted a joint status report and discovery plan—all without even mentioning a right to compel arbitration.  See Martin v. Yasuda, 829 F.3d 1118, 1125 (9th Cir. 2016) ("A party's extended silence and delay in moving for arbitration may indicate a conscious decision to continue to seek judicial judgment on the merits of the arbitrable claims, which would be inconsistent with a right to arbitrate." (citation modified)).

Moreover, when viewed against the backdrop of Defendants' other actions, Defendants' neglecting to raise the right to arbitrate until after the district court denied most of their motion to dismiss "serve[s] as circumstantial evidence of an intentional relinquishment" of that right.  Hill, 59 F.4th at 472 n.18 (emphasis

3                                                                    25-5314

omitted); see Armstrong, 59 F.4th at 1015–16.  For example, in the first joint status report and discovery plan that the parties submitted, Defendants argued that "Plaintiffs' lawsuit can and should be dismissed" on the merits.  Then, when the parties submitted a second status report and discovery plan following the district court's determination that most of Plaintiffs' claims could proceed in the litigation, Defendants asserted that the case "must be referred to mandatory arbitration" because Plaintiffs "are bound by arbitration provisions."  "[N]ow that [Defendants'] strategic choice to litigate in federal court has failed to pan out, we will not endorse its attempt to play a game of 'heads I win, tails you lose' by belatedly seeking refuge in arbitration for the resolution of those same claims."  Hill, 59 F.4th at 477 (quoting Martin, 829 F.3d at 1125).

None of Defendants' counterarguments is persuasive.  First, although Defendants never made an affirmative statement disclaiming a right to arbitrate, "we have never held that a party can act inconsistent[ly] with its arbitration rights only if the relevant actions are themselves express denials of the right to arbitrate."  Id. at 471.  Second, Defendants' express reservation of the right to compel arbitration in their answer "is not enough to defeat a claim of waiver."  Martin, 829 F.3d at 1125.  Third, the fact that the parties engaged in only minimal discovery is not determinative; we consider the totality of the circumstances.  See Newirth, 931 F.3d at 942–43 (rejecting the defendant's argument that it had not acted

inconsistently with the right to arbitrate because it had "engaged in only the minimum amount of litigation activity required . . . to comply with its obligations under the applicable court rules and orders" (ellipsis in original)). Finally, although Defendants may be correct that "the simple passage of time cannot show intentional relinquishment of the right to arbitrate," Defendants' waiting ten months to mention a right to compel arbitration, while repeatedly asserting in the meantime that the court should dismiss Plaintiffs' claims on the merits, supports the conclusion that Defendants waived their right to arbitrate. See Armstrong, 59 F.4th at 1015 (explaining that "a party generally 'acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court'" (quoting Newirth, 931 F.3d at 941)).

**AFFIRMED.**